PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
P.O. Box 5843
Oakland, CA  94605
Telephone: (510) 452-0292
Facsimile: (510) 452-5625
E-mail: pamela@pypesq.com

Attorneys for Plaintiffs
ELVA NUNO and ROSA DEANDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVA NUNO and ROSA DEANDA,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PACIFIC COAST CONTAINER, INC. dba PCC LOGISTICS and LEO LOPEZ,<br><br>　　　　Defendants. | NO.<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION, HOSTILE WORK ENVIRONMENT, RETALIATION, WRONGFUL TERMINATION, EMOTIONAL DISTRESS AND DAMAGES** |

Plaintiffs ELVA NUNO and ROSA DEANDA, by and through their attorneys, allege as follows:

**Jurisdiction and Venue**

1.　　This action arises under 42 U.S.C. §2000d *et seq.* and 42 U.S.C. § 1981A *et seq*. Plaintiffs invoke jurisdiction over their federal claims pursuant to the provisions of 28 U.S.C. § 1331, 1332 and 1343.  The acts and practices complained of herein occurred in San Leandro, California, in Alameda County, within this judicial district and venue is proper here pursuant to 28 U.S.C. §1391.

2.　　Jurisdiction over Plaintiffs' claims under state law is invoked pursuant to the provisions of 28 U.S.C. Section 1367.  The claims which arise under state law are so related to

13552P200

-1-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

claims within the original jurisdiction of this Court that they form a part of the same case and controversy under Article III of the United States Constitution.

### Parties

3.     Plaintiff ELVA NUNO is a female resident of the United States formerly employed as a manager by Defendant PACIFIC COAST CONTAINER, INC. dba PCC LOGISTICS (hereinafter referred to as "PCC").

4.     Plaintiff ROSA DEANDA is a female resident of the United States formerly employed as an Assistant Regional Manager by Defendant PCC.

5.     Defendant PCC is now and at all times mentioned herein was, a private logistics company specializing in shipping services, located in San Leandro, California. PCC employs hundreds of employees and operates 12 business units in 5 U.S. coast ports. The logistics industry is a very male-dominated industry with limited mobility or economic opportunities for women.

### Factual Allegations

**Plaintiff Elva Nuno**

6.     Ms. Nuno was employed with PCC for twenty (20) years commencing in October 2001. For many years during her long tenure, she was the only female manager in Division 9 at PCC. Commencing in 2015, Ms. Nuno experienced a highly toxic, demeaning and sexually hostile environment at PCC. Ms. Nuno was highly offended by the sexually inappropriate and discriminatory conduct of multiple male supervisors and workers at PCC.

7.     Her supervisor, PCC Manager Leo Lopez, in particular, was notorious for manipulating his penis in front of the women at work, including Ms. Nuno. On numerous occasions, Ms. Nuno noticed Mr. Lopez staring at her breasts while she was speaking to him. Other female staff members constantly complained about Mr. Lopez' conduct to Ms. Nuno.

8.     Mr. Lopez' sexually inappropriate conduct spanned the entire time that Ms. Nuno worked for him, from 2015 to 2021.  Mr. Lopez consistently talked down to women, yelled at women, trivialized their concerns, dismissed their complaints and tried to intimidate them by raising

13552P200

-2-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

his voice and speaking over them in meetings. He often talked about his wife's role as a homemaker and stated that the female employees "should be at home like good girls." In 2015, Mr. Lopez removed Ms. Nuno from her position in the sales department. As a reason for the action, he told Ms. Nuno that all the salesmen were complaining about Ms. Nuno's high sales, and that she should "stick with handling the females in Customer Service."

9.      Mr. Lopez often made sexual comments about the appearance of his subordinate female employees, and when confronted with their complaints, routinely referred to them and Ms. Nuno as "bitches." In response to one employee's complaint about sexual harassment by Messrs. Lopez and another manager, Hugo Avalos, Mr. Lopez responded that "all females always lie to trap men."

10.      From 2015 until September 2021, Ms. Nuno complained about the toxic sexually hostile environment on numerous occasions to Daniel Crosby, the Regional Manager for Oakland, and PCC Vice President, Brandon McDonnell. Mr. Crosby often laughed and promised to look into it. On one occasion, Mr. Crosby told Ms. Nuno that he did not "feel comfortable" telling Mr. Lopez not to touch his penis at work. In 2018, Mr. Crosby discouraged Ms. Nuno from filing a formal complaint, and told her again that he would handle the conduct and was working on a solution.

11.      Despite Mr. Crosby's assurances, Mr. Lopez continued to frequently denigrate Ms. Nuno in front of the male managers, referred to her as "bitch" and reprimanded her for not controlling the other women, especially those who dared to complain about his sexual harassment.

12.      In April 2020, a new female employee complained to Ms. Nuno about Mr. Lopez' demeaning and sexist conduct toward her. When Ms. Nuno asked Mr. Lopez to allow the woman to do her job, his response was "I can't believe this new girl is already lying about me, you should start hiring men instead of all these girls."

13.      Ms. Nuno was deeply offended and embarrassed by Mr. Lopez' unwanted and unwelcome sexually suggestive conduct, which frequently occurred in the presence of other employees, including her subordinate employees. Her encounters with Mr. Lopez took place at various locations in and around the warehouse, and caused her and the other female employees to

13552P200

-3-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

feel unsafe throughout the workplace because of fear that they might encounter him at any time.

14. In early 2021, Ms. Nuno expressed her interest in applying for the new position of Assistant Business Unit Manager. Mr. Lopez' response was that he "was looking for a male to assist me as he can probably handle the issues stronger." Mr. Lopez refused to allow Ms. Nuno to fill out an application for the position. He would fail to invite Ms. Nuno to managers' meetings that she was supposed to attend, avoided her and ignored her requests for assistance with work issues. In September 2021, Mr. Lopez promoted Luis Corral, a less qualified male to the position.

15. Despite Ms. Nuno's timely complaints to PCC, PCC failed to take prompt, effective remedial action to remedy the hostile environment and/or protect Ms. Nuno and its female employees from Mr. Lopez' harassment and retaliation.

16. On March 22, 2022, Ms. Nuno exhausted her administrative remedies by submitting a complaint of sexual harassment, gender discrimination and retaliation to the California Department of Fair Employment and Housing (hereinafter "DFEH") and the Equal Employment Opportunity Commission (EEOC). DFEH issued its right to sue notice on March 26, 2022. Her request for a right to sue notice from the Department of Justice on behalf of the EEOC is pending. Upon receipt of said notice, Plaintiffs will seek leave to amend the complaint to add the appropriate causes of action.

**Plaintiff Rosa DeAnda**

17. In May 2019, PCC announced that Ms. DeAnda was the new Assistant Regional Manager. PCC hired Rosa DeAnda as the new Assistant Regional Manager, at least in part, in response to the female employees' complaints about the sexually hostile work environment. Ms. DeAnda had worked for PCC off and on as a consultant for approximately seventeen (17) years. Once she was hired as a full-time employee, she was charged with addressing the sexually toxic and harassing environment at PCC. Mr. Lopez and other male Business Managers reported to her.

18. Ms. DeAnda was subjected to the same toxic, demeaning, discriminatory and sexually hostile work environment experienced by other female employees. Multiple male managers, including Mr. Lopez and Sam Johnson, were rude and disrespectful toward her, refused

13552P200

-4-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

to follow her directions, and regularly made sexist comments to the effect that "this is a man's job" and "I don't need another wife."

19.     Once Ms. DeAnda came on board, Mr. Lopez was rude and disrespectful toward her. In meetings with Ms. DeAnda, Mr. Lopez would raise his voice, curse and walk out of the meeting. Mr. Lopez complained to Ms. Nuno that Ms. DeAnda was "out to get him" and called her a "bitch." Mr. Lopez freely referred to Ms. DeAnda, his supervisor, as a "bitch" in the presence of other employees. Ms. DeAnda complained to Mr. McDonnell repeatedly to no avail. His response was to excuse the men's behavior and ask her to work around it.

20.     On June 15, 2021, PCC demoted Ms. DeAnda. She had worked satisfactorily as the Acting Regional Manager for approximately two (2) years. In 2021, each of the sales divisions under her supervision were meeting their annual goals. Nonetheless, her supervisor, Brian Howver, approached her and told her that he was removing her from the Acting position and assigning her to sales. At the same time, Mr. Howver promoted a similarly-situated male Assistant Regional Manager who did not meet his fiscal goals to Regional Manager. Ironically, after Mr. Howver removed Ms. DeAnda from the Acting Regional Manager position, he attempted to replace her by promoting Mr. Lopez to the permanent Regional Manager position.

21.     The harassment and discriminatory treatment of both Plaintiffs DeAnda and Nuno was sufficiently severe or pervasive to create a hostile work environment which ultimately resulted in Ms. DeAnda's constructive discharge.

22.     On August 4, 2021, Ms. DeAnda exhausted her administrative remedies by submitting dual complaints of sexual harassment, gender discrimination and retaliation to the California Department of Fair Employment and Housing (hereinafter "DFEH") and the Equal Employment Opportunity Commission (EEOC).  DFEH issued a right to sue notice on her complaint on August 4, 2021.  The EEOC issued a right to sue notice on her complaint on July 29, 2022.

### Damages

23.     As a result of the acts alleged herein, Plaintiffs sustained loss of earnings in an

13552P200

-5-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

amount to be determined according to proof.  In addition, each Plaintiff has suffered and will continue to suffer damages to her career and reputation, in an amount to be determined according to proof.

24.     As a further proximate result of the Defendants' actions as alleged herein, each Plaintiff was humiliated, hurt and injured in her health, strength and activity, and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to her damage in an amount to be shown according to proof.

**FIRST CAUSE OF ACTION**
**VIOLATION OF FEHA**
**HOSTILE WORK ENVIRONMENT**
**(AGAINST DEFENDANT PCC)**

25.     Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 24, as if fully set forth herein.

26.     This action is brought pursuant to California Government Code §12940 to obtain relief for sex discrimination Plaintiffs Nuno and DeAnda suffered in their employment based on a sexually hostile work environment.

27.     The sexually hostile conduct of the male employees was sufficiently severe and pervasive to alter the conditions of their employment and create a sexually hostile work environment.  Each Plaintiff perceived her working environment to be infected with sexual animus and hostility, and a reasonable woman in her circumstances would have been offended and consider the work environment sexually hostile.

28.     Defendant Lopez was Ms. Nuno's supervisor and Defendant PCC is strictly liable for his sexual harassment of Ms. Nuno. Defendant PCC was fully aware of Defendant Lopez' sexual harassment and abuse of Ms. DeAnda and failed to take prompt, effective action to remedy the situation, or take any remedial steps to protect Ms. DeAnda, or Ms. Nuno, or any other female employees.

///

29.     In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived each Plaintiff of her rights, privileges and immunities secured to her by the Constitution and laws of the State of California, particularly her right to be free from intentional discrimination based on sex as provided by Government Code § 12940(a).

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**VIOLATION OF FEHA**
**RETALIATION**
**(NUNO AGAINST DEFENDANT PCC)**

30.     Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 29, as if fully set forth herein.

31.     This action is brought pursuant to California Government Code §12940 to obtain relief for retaliation Ms. Nuno suffered in her employment.

32.     Commencing in or about 2015, Ms. Nuno had a reasonable good faith belief that Defendant Lopez' sexually motivated conduct, sexual harassment and actions toward her and other female employees constituted unlawful discrimination because of her sex.  Plaintiff Nuno complained to Defendant PCC, her supervisors and the owner's son, Brandon McConnell, on multiple occasions about the sexually hostile environment.

33.     As a result of Ms. Nuno's protected activity, Defendants Lopez and PCC subjected her to adverse treatment, including, but not limited to, applying extra scrutiny to her work, making unjustified criticisms of her work, making false and misleading statements about her to others, refusing to allow her to apply for promotion, and denying her access to benefits of her employment. Plaintiff Nuno's protected activity was a substantial or motivating factor for Defendants' retaliatory conduct toward her.

34.     Despite knowledge and adequate opportunity to investigate and/or stop the misconduct of its managers, agents and employees, Defendant PCC failed to take prompt, effective remedial action to respond to the complaints of sexual harassment and gender discrimination and/or retaliation and retained Defendant Lopez in his position as a senior manager, and thereafter adopted, approved and ratified the acts, omissions and misconduct of Defendant Lopez.

13552P200

-7-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

35.    In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived Plaintiff Nuno of her rights, privileges and immunities secured to her by the Constitution and laws of the State of California, particularly her right to be free from retaliation, as provided by Government Code § 12940(a).

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**VIOLATION OF FEHA**
**RETALIATION**
**(DEANDA AGAINST DEFENDANT PCC)**

36.    Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 35, as if fully set forth herein.

37.    This action is brought pursuant to California Government Code §12940 to obtain relief for discrimination Plaintiff DeAnda suffered in her employment.

38.    Commencing in or about 2019, Ms. DeAnda had a reasonable good faith belief that Defendant Lopez' sexually motivated conduct, sexual harassment and actions toward her and other female employees constituted unlawful discrimination because of her sex. Plaintiff DeAnda complained to Defendant PCC, her supervisors and the owner's son, Brandon McConnell, on multiple occasions about the sexually hostile environment.

39.    As a result of Ms. DeAnda's protected activity, Defendant PCC subjected her to adverse treatment, including, but not limited to, applying extra scrutiny to her work, making unjustified criticisms of her work, making false and misleading statements about her to others, refusing to promote her to the position of Regional Manager, removing her from her position and denying her access to benefits of her employment. Plaintiff DeAnda's protected activity was a substantial or motivating factor for Defendants' retaliatory conduct toward her.

40.    Despite knowledge and adequate opportunity to investigate and/or stop the misconduct of its managers, agents and employees, Defendant PCC failed to take prompt, effective remedial action to respond to the complaints of sexual harassment and gender discrimination and/or retaliation and retained Defendant Lopez in his position as a senior manager, and thereafter adopted, approved and ratified the acts, omissions and misconduct of Defendant Lopez.

41.    In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived Plaintiff DeAnda of her rights, privileges and immunities secured to her by the Constitution and laws of the State of California, particularly her right to be free from retaliation, as provided by Government Code § 12940(a).

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FEHA**
**GENDER DISCRIMINATION - FAILURE TO PROMOTE**
**(DEANDA AGAINST DEFENDANT PCC)**

42.    Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 41, as if fully set forth herein.

43.    This action is brought pursuant to California Government Code §12940 to obtain relief for gender discrimination Plaintiff DeAnda suffered in her employment based on Defendant PCC's refusal to promote her to Regional Manager.

44.    During her tenure for approximately two (2) years as the Acting Regional Manager, all of the Business Units in Ms. DeAnda's region met all fiscal goals. For Fiscal Year 2021, under her management, PCC received approximately forty (40) million dollars in business with an approximate profit margin of thirty-one percent (31%). Nonetheless, PCC chose to promote Defendant Lopez to the Regional Manager position. Defendant Lopez received this lucrative promotion even though PCC's outside investigator found that <u>the evidence substantiated</u> that he had used sexist and demeaning terms such as "girl," "cute" and "beautiful" when referring to female workers, and disrespected Ms. DeAnda by not following directions or listening to her when she was his supervisor.

45.    Defendant PCC's failure to promote Ms. DeAnda to the Regional Manager position was motivated by its intent to discriminate and retaliate against Ms. DeAnda for her opposition to discrimination.

46.    In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived Plaintiff of her rights, privileges and immunities secured to her by the Constitution and laws of the State of California, particularly her right to be free from

13552P200

-9-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

intentional discrimination based on her gender, as provided by Government Code § 12940(a).

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### VIOLATION OF FEHA
### GENDER DISCRIMINATION - FAILURE TO PROMOTE
### (NUNO AGAINST DEFENDANT PCC)

47.    Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 46, as if fully set forth herein.

48.    This action is brought pursuant to California Government Code §12940 to obtain relief for gender discrimination Plaintiff Nuno suffered in her employment based on Defendant PCC's refusal to promote her to Assistant Business Unit Manager and hiring a less qualified male to fill the position instead of her.

49.    Defendant PCC's failure to allow Ms. Nuno to apply for the Assistant Business Unit Manager position was motivated by its intent to discriminate and retaliate against Ms. Nuno for her opposition to discrimination.

50.    In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived Plaintiff of her rights, privileges and immunities secured to her by the Constitution and laws of the State of California, particularly her right to be free from intentional discrimination based on her sex or her protected activity, as provided by Government Code § 12940(a).

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### VIOLATION OF FEHA
### FAILURE TO PREVENT DISCRIMINATION
### (AGAINST DEFENDANT PCC)

51.    Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 50, as if fully set forth herein.

52.    California law prohibits an "employer" from harassing, discriminating or retaliating against an employee based on that employee's sex, and requires an employer who knows or should have known of such harassment to take immediate and appropriate corrective action to stop such

13552P200

-10-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

harassment, and to take all reasonable steps to prevent harassment from occurring.

53.    Despite knowledge and adequate opportunity to investigate and/or stop Defendant Lopez' misconduct, Defendant PCC failed to take prompt, effective remedial action to remedy the hostile environment and/or protect Plaintiffs, and retained Defendant Lopez in his position as a supervisor and manager, and thereafter adopted, approved and ratified the acts, omissions and misconduct of Defendant Lopez.

54.    By reason of the conduct of Defendants, Plaintiffs have necessarily retained attorneys to prosecute this action. Plaintiffs are therefore entitled to reasonable attorneys fees.

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF TITLE VII
### SEXUAL HARASSMENT
### (AGAINST DEFENDANT PCC)

55.    Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 54, as if fully set forth herein.

56.    This action is brought pursuant to Title VII to obtain relief for sex discrimination Plaintiffs suffered in their employment.

57.    In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived each Plaintiff of her rights, privileges and immunities secured to her by the Constitution and laws of the State of California, particularly her right to be free from intentional discrimination based on sex, as provided by Title VII.

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF TITLE VII
### RETALIATION
### (NUNO AGAINST DEFENDANT PCC)

58.    Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 57, as if fully set forth herein.

59.    This action is brought pursuant to Title VII to obtain relief for retaliation Plaintiff

13552P200

-11-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

Nuno suffered in her employment.

60.     In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived Plaintiff Nuno of her right to be free from retaliation for her protected activity, as provided by Title VII.

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### VIOLATION OF TITLE VII
### RETALIATION
### (DEANDA AGAINST DEFENDANT PCC)

61.     Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 60, as if fully set forth herein.

62.     This action is brought pursuant to Title VII to obtain relief for retaliation Plaintiff DeAnda suffered in her employment.

63.     In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived Plaintiff DeAnda of her right to be free from retaliation for her protected activity, as provided by Title VII.

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

### TENTH CAUSE OF ACTION
### VIOLATION OF TITLE VII
### GENDER DISCRIMINATION - FAILURE TO PROMOTE
### (DEANDA AGAINST DEFENDANT PCC)

64.     Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 63, as if fully set forth herein.

65.     This action is brought pursuant to Title VII to obtain relief for gender discrimination Plaintiff  DeAnda suffered in her employment based on Defendant PCC's refusal to promote her to Regional Manager. Ms. DeAnda was fully qualified and capable to performing the duties of Regional Manager, having served successfully in that role as the Acting Regional Manager for approximately two (2) years.

66.     Defendant PCC's failure to promote Ms. DeAnda to the Regional Manager position

13552P200

-12-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

was motivated by its intent to discriminate and retaliate against Ms. DeAnda for her opposition to discrimination.

67.    In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived Plaintiff DeAnda of her right to be free from discrimination based on her gender, as provided by Title VII.

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
### VIOLATION OF TITLE VII
### GENDER DISCRIMINATION - FAILURE TO PROMOTE
### (NUNO AGAINST DEFENDANT PCC)

68.    Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 67, as if fully set forth herein.

69.    This action is brought pursuant to Title VII to obtain relief for gender discrimination Plaintiff Nuno suffered in her employment based on Defendant PCC's refusal to promote her to Assistant Business Unit Manager and hiring a less qualified male to fill the position instead of her.

70.    Defendant PCC's failure to allow Ms. Nuno to apply for the Assistant Business Unit Manager position was motivated by its intent to discriminate and retaliate against Ms. Nuno for her opposition to discrimination.

71.    In doing each and all of the acts alleged herein, Defendant PCC intentionally, wilfully and without justification, deprived Plaintiff Nuno of her right to be free from discrimination based on her sex, as provided by Title VII.

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

### TWELFTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (NUNO AGAINST DEFENDANT PCC)

72.    Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 71, as if fully set forth herein.

73.    This action is brought pursuant to *Rojo v. Kliger* (1990) 52 Cal.3d 65, 276 Cal.Rptr. 130, on the grounds that Plaintiff Nuno was constructively discharged in violation of public policy.

13552P200

-13-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

California law prohibits termination of any employee on the basis of their sex, or because of her opposition to illegal discrimination by the employer.

74.     Prior to the end of her employment, Plaintiff Nuno had a reasonable good faith belief that the actions of Defendants Lopez and PCC violated her rights based on her gender. Based upon this belief, Plaintiff Nuno opposed Defendants' unlawful actions and complained to PCC, including the General Manager and the owner's son. By their conduct as alleged herein, Defendant PCC, its managers, agents and employees retaliated against Plaintiff Nuno for opposing their unlawful practices.

75.     Defendants' intentional and malicious conduct subjected Plaintiff Nuno to working conditions so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.  PCC's failure to follow its own internal policies and procedures with respect to the investigation of her complaints of sexual harassment, gender discrimination and retaliation and Defendants Lopez' persistent efforts to disparage her work performance by making false and defamatory statements about her after she complained about his discriminatory actions, along with Defendant Lopez' refusal to promote her constituted a continuous pattern of mistreatment and created an intolerable and hostile work environment for Plaintiff Nuno.

76.     Since November 2021, Plaintiff Nuno has been unable to resume working at PCC.  Defendants' intolerable discrimination and retaliation against Plaintiff Nuno made it impossible for her to continue working there. Ms. Nuno was severely emotionally traumatized as a result of Mr. Lopez' actions. The constant sexual harassment, sexually hostile and bullying environment took a tremendous toll on her physical, emotional and mental health. Ms. Nuno has been in intensive weekly therapy for her anxiety since November 2021.

77.     Plaintiff Nuno protected conduct was a substantial or motivating factor of Defendant PCC's retaliatory conduct against her and her constructive wrongful discharge.

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

///

///

13552P200

-14-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

## THIRTEENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (AGAINST DEFENDANT PCC)

78.    Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 77, as if fully set forth herein.

79.    This action is brought pursuant to *Rojo v. Kliger* (1990) 52 Cal.3d 65, 276 Cal.Rptr. 130, on the grounds that Plaintiff DeAnda was constructively discharged in violation of public policy. California law prohibits termination of any employee on the basis of their sex, or because of her opposition to illegal discrimination by the employer.

80.    Defendants Lopez and PCC violated her rights based on her gender. Based upon this belief, Plaintiff DeAnda opposed Defendants' unlawful actions and complained to PCC, including the General Manager and the owner's son. By their conduct as alleged herein, Defendant PCC, its managers, agents and employees retaliated against Plaintiff DeAnda for opposing their unlawful practices.

81.    Defendants' intentional and malicious conduct subjected Plaintiff DeAnda to working conditions so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.  PCC's failure to follow its own internal policies and procedures with respect to the investigation of her complaints of sexual harassment, gender discrimination and retaliation and pretextual removal of her duties and reassignment to a lower position, along with Defendant PCC's refusal to promote her constituted a continuous pattern of mistreatment and created an intolerable and hostile work environment for Plaintiff DeAnda.

82.    In August 2021, Plaintiff DeAnda was diagnosed with clinical depression. She also receives intensive weekly therapy. Plaintiff DeAnda has been unable to resume working at PCC.  Defendants' intolerable discrimination and retaliation against her made it impossible for her to continue working there.

83.    Plaintiff DeAnda's protected conduct was a substantial or motivating factor of Defendant PCC's retaliatory conduct against her and her constructive wrongful discharge.

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

13552P200

### FOURTEENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

84.     Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 83, as if fully set forth herein.

85.     In doing each and all of the acts alleged herein, Defendant Lopez engaged in a course of conduct which was intentional, extreme and outrageous and which caused both Plaintiffs to suffer severe emotional distress.  Defendant engaged in said course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to Plaintiffs.

86.     Defendant PCC, despite knowledge and adequate opportunity to learn of the misconduct of its agents and employees, adopted, approved and ratified the acts, omissions and misconduct of its agents and employees.  (California Civil Code Section 2338.)

### FIFTEENTH CAUSE OF ACTION
### NEGLIGENT RETENTION, SUPERVISION, TRAINING AND DISCIPLINE
### (AGAINST DEFENDANT PCC)

87.     Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 86, as if fully set forth herein.

88.     At all times mentioned herein, Defendant PCC had a duty to supervise the conduct of the managers of PCC and to enforce those regulations necessary for the fair and equal access to the benefits of employment by the District, and exercise ordinary care to protect employees from acts of sexual harassment, gender discrimination and retaliation.

89.     Defendant PCC was negligent and careless in that failed to adequately train its managers and/or supervisors to adequately deal with the problem of gender discrimination and/or sexual harassment, and to therefore ensure the protection of Plaintiffs and other female employees. PCC has a further duty to discipline its personnel whom it should have known were not adequately dealing with the issue.  PCC had a duty to exercise reasonable care in the administration of its policies, and by failing to adequately train or discipline its personnel regarding sexual harassment, gender discrimination and retaliation issues, it breached that duty.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants and each of them as

13552P200

-16-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

follows:

1.    Compensatory, statutory and special damages, including but not limited to, lost and future wages and benefits, and damages for mental and emotional distress, in excess of $4,000,000 to be determined at the time of trial;

2.    For prejudgment interest at the legal rate upon the amount of Plaintiffs' monetary losses;

3.    Injunctive relief against Defendant PCC, its agents and employees, enjoining them from denying, or aiding or inciting the denial of, the civil rights of any employees on the basis of gender, compelling Defendant to take affirmative steps to ensure a safe and fair work environment for its female employees, and requiring Defendant to take any and all necessary steps to properly train its managers and directors to report, monitor and respond to complaints of sexual harassment, gender discrimination and/or retaliation.

4.    Punitive and exemplary damages in an amount appropriate to punish and make an example of the defendants to be determined at the time of trial;

5.    Costs of suit incurred herein, including reasonable attorneys' fees; and

6.    Such other and further relief as the Court deems just and proper.

Dated:  August 4, 2022                                    PAMELA Y. PRICE, ATTORNEY AT LAW

*Pamela Y. Price*

PAMELA Y. PRICE, Attorneys for Plaintiffs
ELVA NUNO and ROSA DEANDA

13552P200

-17-
COMPLAINT FOR HARASSMENT & DISCRIMINATION

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues triable to a jury in each and every cause of action of their Complaint.

Dated:  August 4, 2022                                    PAMELA Y. PRICE, ATTORNEY AT LAW

                                                        *Pamela Y. Price*

                                                        PAMELA Y. PRICE, Attorneys for Plaintiffs
                                                        ELVA NUNO and ROSA DEANDA

13552P200