UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVA NUNO, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>PACIFIC COAST CONTAINER, INC., et al.,<br><br>        Defendants. | Case No. 22-cv-04518-VC   (LJC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' DISCOVERY LETTER REQUESTING RELIEF**<br><br>Re: ECF No. 63 |

      Pending before the Court is Defendants' Discovery Letter Brief, ECF No. 63, in which they seek relief concerning three issues. After the Discover Letter Brief was filed, the Court ordered Plaintiffs to respond, and Defendants to file a further declaration with information concerning the parties' correspondence. See ECF Nos. 65, 66. The Court finds the matter suitable for disposition without oral argument and the matter is deemed submitted. See Civil L.R. 7-1(b). Having read the papers filed by the parties and carefully considered their arguments and relevant authority, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' request for relief.

I.     **ISSUE #1**

      Defendants have requested this Court's intervention to assist in scheduling Plaintiffs' depositions. Plaintiffs' counsel is admonished that he must cooperate with opposing counsel to complete discovery. He appears to have failed to cooperate by neglecting to provide Defense counsel with alternative deposition dates and specific information about his availability to conduct depositions in this case. While an attorney is not required to be available around the clock to confer with opposing counsel, an attorney is expected to cooperate with opposing counsel to

notice and conduct depositions. See Northern District of California's Guidelines for Professional Conduct. Cooperation requires attorneys to communicate regarding any issues that will affect the deposition schedule, such as availability and location limitations.

Defendants' request for relief is **GRANTED**. Plaintiffs' counsel shall produce Plaintiffs Rosa DeAnda and Elva Nuno for deposition on a date between January 4 and 8, 2024, provided that Defense counsel confirms by December 28, 2023 that he is available to conduct Ms. DeAnda's and Ms. Nuno's deposition(s) then.

**II.      ISSUE #2**

The second issue raised by Defendants concerns whether certain information in the possession of third-party witness Abdel Zaharan is privileged and protected from disclosure. The information Defendants have presented, and the absence of legal authority cited in support of their argument, together fail to persuade the Court that the sole document that Mr. Zaharan possesses is privileged or protected attorney client communication or work product. However, in their response to Defendants' Discovery Letter Brief, Plaintiffs did not address whether they believe that the attorney-client privilege and attorney work product protection are being improperly asserted by Defendants, or even request an order compelling Mr. Zaharan to produce the document.

If this issue remains a live dispute which requires the Court's intervention, the parties shall meet and confer, and file a new joint discovery letter, not to exceed four pages, no later than January 9, 2023. In the letter, the parties shall provide a summary of "each party's position with appropriate legal authority." See Judge Cisneros's General Standing Order, Section F.5. Relief as to Issue #2 is **DENIED WITHOUT PREJUDICE**.

**III.     ISSUE #3**

Defendants have requested this Court's determination that they may question Mr. Zaharan before Plaintiffs question him. Plaintiffs' counsel has made clear that he will not be present in the Bay Area again until he returns on January 3, 2024. There is no reason to have Mr. Zaharan appear on two different dates for separate depositions by the parties. The parties shall meet and confer, and confer with counsel for Mr. Zaharan, by January 9, 2024 to agree upon a new

deposition date for Mr. Zaharan. Both parties shall equally split their time to question him and equally split the cost of the deposition. Plaintiffs shall have the first opportunity to question Mr. Zaharan, as Plaintiffs served a deposition subpoena on him prior to Defendants' subpoena. <u>See</u> ECF Nos. 63 at 7, 66 at 27.

Defendants have not moved or requested an order quashing the subpoena, but to the extent they object to Plaintiffs' questioning Mr. Zaharan first, and previously objected to Plaintiffs' subpoena for records from Mr. Zaharan on account of a severance agreement that he signed, the Court notes that the does not preclude him from responding to a subpoena for deposition and production of documents concerning the allegations of sexual harassment. The severance agreement requires that Mr. Zaharan maintain the secrecy of his former employer's business information that is confidential and proprietary. This agreement relates to the possibility that in the future Mr. Zaharan could work for a competitor and this would raise the risk that he would use his former employer's confidential, proprietary business information. The severance agreement is not a shield to questioning and seeking records from Mr. Zaharan that relate to non-business conduct, namely sexual harassment, and discrimination. Defense counsel's letter to Mr. Zaharan is misleading in this respect.

Defendant's request for relief as to Issue #3 is **DENIED**.

**IT IS SO ORDERED.**

Dated: 12/27/23

_____
LISA J. CISNEROS
United States Magistrate Judge