UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVA NUNO, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PACIFIC COAST CONTAINER, INC., et al.,<br><br>        Defendants. | Case No.  22-cv-04518-VC   (LJC)<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF, GRANTING REQUEST FOR IN CAMERA REVIEW AND SETTING DEADLINE FOR DEFENDANTS' SUPPLEMENTAL LETTER**<br><br>Re: ECF No. 70 |

Pending before the Court is the parties' Joint Discovery Letter Brief.  ECF No. 70.  The parties primarily dispute whether Defendant Pacific Coast Container, Inc., dba PCC Logistics (PCC) can assert attorney-client privilege over an email from third-party witness Abdel Zaharan (former CFO at PCC) to Brandon McDonnell (a vice president at PCC), Mike McDonnell (the owner of PCC), and John Paul Weber (vice president of sales at PCC).  *See id.*  Mr. Zaharan, through his attorney, informed the parties in response to an October 16, 2023 subpoena for documents from Plaintiffs Elva Nuno and Rosa DeAnda that the email was the single responsive document in his possession.  ECF No. 63 at 2, 5.  He provided Defendants PCC and Leo Lopez with a copy of the email, and Defendant PCC asserted privilege and provided Plaintiffs with a privilege log.  *Id.* at 6.

Because this is Title VII civil rights action, federal law applies to any assertions of attorney-client privilege.  *See United States v. Zolin*, 491 U.S. 554, 562 (1989).  The elements of the privilege are: "(1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from

disclosure by the client or by the legal adviser (8) unless the protection be waived." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002), *as amended on denial of reh'g* (Mar. 13, 2002). "The burden is on the party asserting the privilege to establish all the elements of the privilege." *Id.* at 999–1000.

Defendants claim that the email is entirely a "management-level discussion of legal advice" given by John Skonberg, PCC's counsel, on all investigatory actions concerning employee complaints received by PCC's Human Resources Department, which was overseen by Mr. Zaharan. ECF No. 70 at 4–5. They argue that the attorney-client privilege extends to communications between management-level employees as well as communications between management-level employees and non-management employees discussing legal advice provided by counsel. *Id.* Specifically, Defendants argue that the privilege applies to communications where corporate employees disseminate the legal advice and discuss "the ramifications of that legal advice." *Id.* (quoting *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 696 (S.D. Fla. 2009)). They claim that in the email, Mr. Zaharan discusses his disagreement with other members of PCC's executive team on how PCC was following Mr. Skonberg's legal advice. *Id.*

Plaintiffs, in turn, argue that the email communication is not privileged because it does not involve PCC and its counsel, nor was it a communication done for the purpose of obtaining legal advice. *Id.* at 3. Plaintiffs' understanding is that "an attorney is referenced in 1 or 2 lines of a multi-page email." *Id.* at 2. They request that the Court review the email *in camera* to determine whether any privilege applies and whether any part of the document can be produced with redactions. *Id.* Defendants do not indicate whether they oppose an *in camera* review.

The question of whether the Court can use *in camera* review to determine whether attorney-client privilege is properly claimed is a procedural matter governed by federal law. *See, e.g.*, *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611JLR, 2014 WL 2526901, at *7 (W.D. Wash. May 27, 2014) ("Federal law, which governs the procedural aspects of this case, rests the determination of when to conduct an *in camera* review in the sound discretion of the court.") Under federal law, the Court's decision to conduct an *in camera* review is a two-step

2

process. *See Zolin,* 491 U.S. at 572 (establishing a two-step process to determine the applicability of the crime-fraud exception to the attorney-client privilege); *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992) (holding that the two-step *Zolin* process "applies equally well when a party seeks *in camera* review to contest assertions of [ ] privilege.")  Under the test established by *Zolin*, the party seeking *in camera* review must first make a minimal showing that the review may reveal non-privileged material.  491 U.S. at 572.  Then, if that hurdle is overcome, the district court has the discretion to conduct an *in camera* review, considering "the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish" that the privilege does apply. *Id.*; *see also Fourth Age Ltd. v. Warner Bros. Digital Distribution*, No. CV 12-09912 AB (SHX), 2014 WL 12584447, at *4 (C.D. Cal. Oct. 9, 2014) (applying test).

Plaintiffs have satisfied the *Zolin* test to justify *in camera* review of the disputed email. Plaintiffs have made a minimal showing that the email, upon *in camera* inspection, may reveal non-privileged content.  It is evident from the record that no attorneys were included in the email discussion.  That point is not disputed.  Furthermore, a "reasonable person" could have a "good faith belief" that the non-attorneys' discussion was not limited to the content of Mr. Skonberg's advice and legal guidance.  *In re Grand Jury Investigation*, 974 F.3d at 1072.  The email discussion could reasonably have touched on other non-privileged matters, especially given that Defendants characterize the email as Mr. Zaharan giving his opinion as to how PCC was handling employee HR complaints.  *See* ECF No. 70 at 5 ("Zaharan castigates McDonnell and other members of [] PCC's C-Suite for not allegedly following Zaharan's take on what Skonberg advised Defendant PCC to do.")

With respect to the second part of the *Zolin* test, the factors justify the exercise of court discretion to examine the email.  The amount of material to be reviewed is not voluminous, the relevance of the alleged privileged material to the case may be quite high, and there is a reasonable likelihood that *in camera* review will reveal evidence to determine the extent to which the

3

1  attorney-client communication privilege applies to the contents of the email.

2        Accordingly, Plaintiff's request for an *in camera* review is **GRANTED.**

3        Defendants also argue that the email "includes constitutionally protected private third-party information relating to employees," and that those third-party employees have not given their consent for disclosure to Plaintiffs. ECF No. 70 at 5. Defendants do not cite any specific legal authority supporting their constitutional argument, or the application of the right of privacy in this case, where there is a protective order in place. *See* ECF No. 35. If Defendants seek to pursue this argument further, by January 31, 2024, they may file a supplemental letter not to exceed one page that further explains their argument and the supporting legal authority. The Court will defer ruling on this issue until after it conducts its *in camera* review of the disputed email.

      Finally, Defendants object to the subpoena for documents served on Mr. Zaharan on the basis that it was served prematurely before discovery had been opened to third parties. ECF No. 70 at 3. According to Defendants, the subpoena was served before there had been a Rule 26(f) conference and before Rule 26(a)(1) initial disclosures had been exchanged. *Id.* As such, they claim "there was no authorization or stipulation for issuance of the subpoena for documents to Zaharan." *Id.* Plaintiffs do not respond to this objection in the Joint Discovery Letter Brief.

      Although Defendants object to the timeliness of the subpoena, they do not claim to have experienced any prejudice as a result. Moreover, Defendants already raised the issue of the subpoena being served before a Rule 26(f) conference or the exchange Rule 26(a)(1) initial disclosures in a prior discovery letter. ECF No. 63 at 2. In its order granting in part and denying in part Defendants' request for relief, the Court found that to the extent Defendants had previously objected to Plaintiffs' subpoena for records from Mr. Zaharan on account of a severance agreement that he signed, that agreement "does not preclude him from responding to a subpoena for deposition and production of documents concerning the allegations of sexual harassment." ECF No. 67 at 3. The Court is likewise unpersuaded by Defendants' attempts to object to the subpoena on procedural grounds. Although Defendants have not moved or requested an order quashing the subpoena, its objection to the subpoena based on timeliness is overruled.

## I. CONCLUSION

For the reasons discussed above, Plaintiffs' request for an *in camera* review of Mr. Zaharan's email communication is **GRANTED**. By January 31, 2024, Defendants shall lodge the email in camera by sending it to the ljcpo@cand.uscourts.gov inbox. By January 31, 2024, Defendants may file a supplemental letter, not to exceed one page, that provides authority for their constitutional privacy arguments, and explains why the protective order is insufficient to protect any such privacy interests. If Defendants file a supplemental letter, Plaintiffs may file a one-page response no later than February 1, 2024. Plaintiffs' objection to the subpoena based on timeliness is overruled.

**IT IS SO ORDERED.**

Dated: January 30, 2024

LISA J. CISNEROS
United States Magistrate Judge